UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **HILDA L. SOLIS, Secretary of Labor,** § <br> **United States Department of Labor,** § <br> § <br> **Plaintiff,** § <br> § <br> v. § <br> § <br> **TAL SHOHAMY and the** § <br> **TLS VETS, P.A. 401(k) PROFIT SHARING** § <br> **PLAN & TRUST,** § <br> § <br> **Defendants.** § <br> ─────────────────────────────── § | Civil Action No. 10-cv-866 |

## COMPLAINT

Plaintiff, Hilda L. Solis, Secretary of Labor, United States Department of Labor, brings this action against Defendants Tal Shohamy and the TLS Vets, P.A. 401(k) Profit Sharing Plan & Trust pursuant to Sections 502(a)(2) and 502(a)(5), 29 U.S.C. §§ 1132(a)(2) and 1132(a)(5), of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA"), for appropriate equitable and remedial relief under ERISA Sections 409 and 502(a)(5), 29 U.S.C. §§ 1109 and 1132(a)(5); to enjoin violations of the provisions of Title I of ERISA; and to obtain other appropriate relief to redress violations and to enforce the provisions of Title I of ERISA.

I.

Jurisdiction of this action is conferred upon the Court by ERISA Section 502(e)(1), 29 U.S.C. § 1132(e)(1).

II.

Venue of this action lies in the United States District Court for the Western District of Texas, Austin Division, pursuant to ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2).

III.

A.    TLS Vets, P.A. is, and at all times hereinafter mentioned was, a Delaware corporation engaged in business in Travis County, Texas with a place of business at 1901 RR 620 N., Austin, Texas 78734, within the jurisdiction of this Court.  At all times hereafter mentioned, TLS Vets, P.A. has been an employer, administrator, and plan sponsor with respect to the Plan within the meaning of ERISA Sections 3(5) and 3(16)(A) and (B), 29 U.S.C. §§ 1002(5) and 1002(16)(A) and (B).  At all times hereinafter mentioned, TLS Vets, P.A. had or exercised discretionary authority, control and responsibility respecting management and administration of the Plan or the Plan's assets and has been a fiduciary with respect to the Plan within the meaning of ERISA Sections 3(21)(A), 29 U.S.C. § 1002(21)(A).  TLS Vets, P.A. also is a party in interest to the Plan within the meaning of ERISA Sections 3(14), 29 U.S.C. § 1002(14).[1]

B.    The TLS Vets, P.A. 401(k) Profit Sharing Plan & Trust ("Plan") is and at all times hereafter mentioned was an employee benefit plan within the meaning of ERISA Section 3(3), 29 U.S.C. § 1002(3).  The Plan was established by and at all times hereinafter mentioned was maintained by an employer engaged in commerce or in an industry or activity affecting commerce and is subject to Title I including Title I, Part 4 of ERISA pursuant to ERISA Sections 4(a)(1) and 401(a), 29 U.S.C. §§ 1003(a)(1) and 1101(a).  During all times hereinafter mentioned, the Plan has been administered in Austin, Travis County, Texas within the jurisdiction of this Court.

---

[1] TLS Vets, P.A.. filed for Chapter 11 bankruptcy protection on January 20, 2009, cause number. 09-10133-frm, in the United States Bankruptcy Court for the Western District of Texas, Austin Division.  Plaintiff does not seek monetary relief from TLS Vets, P.A.

IV.

A.	Defendant Tal Shohamy is a resident of Austin, Texas, and at all times hereinafter mentioned was the Chief Financial Officer of TLS Vets, P.A., which engaged in business within the jurisdiction of this Court.  Defendant Shohamy is and has been at all relevant times the named trustee of the Plan, and has had and exercised discretionary authority, control, and responsibility over Plan management and administration and had actual control over Plan assets. Thus, Defendant Shohamy is and at all relevant times has been a fiduciary and a party in interest with respect to the Plan within the meaning of ERISA Sections 3(14) and 3(21)(A), 29 U.S.C. Sections 1002(14) and 1002(21)(A).

B.	The Plan is joined as a party Defendant pursuant to Rule 19(a) of the Federal Rules of Civil Procedure solely to assure that complete relief can be granted.

V.

A.	During the period May 2008 through and including October 2008, Defendant Tal Shohamy was a fiduciary with respect to the Plan and violated the provisions of ERISA, in that he:

(1)	Failed to discharge his duties with respect to the Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries in violation of Section 404(a)(1)(A) of ERISA, 29 U.S.C. § 1104(a)(1)(A);

(2)	Failed to discharge his duties with respect to the Plan with the care, skill, prudence and diligence under the circumstances that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims in violation of Section 404(a)(1)(B) of ERISA, 29 U.S.C. § 1104(a)(1)(B);

(3) Caused the Plan to engage in transactions which he knew or should have known constitute a direct or indirect transfer to, or use by or for the benefit of, a party in interest, assets of such plan in violation of Section 406(a)(1)(D) of ERISA, 29 U.S.C. § 1106(a)(1)(D);

(4) Dealt with the assets of the Plan in his own interests or for his own account in violation of Section 406(b)(1) of ERISA, 29 U.S.C. § 1106(b)(1);

(5) Engaged in transactions involving the Plan on behalf of a party whose interests were adverse to the interests of such Plan and the interests of its participants and beneficiaries in violation of Section 406(b)(2) of ERISA, 29 U.S.C. § 1106(b)(2);

(6) Caused the assets of the Plan to inure to the employer's benefit and failed to hold such assets for the exclusive purpose of providing benefits to participants in the Plan in violation of Section 403(c)(1) of ERISA, 29 U.S.C. § 1103(c)(1);

B. The aforementioned violations occurred in, but were not limited to, the following Plan transactions:  failure to remit employee contributions and Plan assets to the Plan; failure to segregate the Plan's assets; permitting a party in interest to use employee contributions for its own benefit; and failure to properly administer and manage the Plan.

VI.

As a result of engaging in breaches of their fiduciary responsibilities, obligations, or duties and by engaging in transactions prohibited by ERISA, as described in Part V, Defendant Tal Shohamy has caused the Plan to suffer financial losses for which he is liable pursuant to ERISA Section 409(a), 29 U.S.C. § 1109(a).

VII.

WHEREFORE, cause having been shown, Plaintiff, Secretary of Labor, prays that this Court:

1. Order a full accounting of the Plan to confirm Plan losses and appropriate restitution;

2. Permanently enjoin Defendant Tal Shohamy from violating the provisions of ERISA;

3. Order Defendant Tal Shohamy to restore all losses to the Plan, with interest thereon, resulting from his breaches of fiduciary obligations, and to correct all prohibited transactions, and, if necessary, to offset any claims which he may have against or with the Plan against the amount of losses, including lost opportunity costs, resulting from his violations;

4. Order Defendant Tal Shohamy to appoint an independent fiduciary to the Plan to be approved by Plaintiff and the Court for the limited purpose of ensuring that Plan assets recovered in this action are disbursed to Plan participants with quarterly progress reports to the Plaintiff, and once all funds have been disbursed, to terminate the Plan;

5. Order that any expenses associated with the appointment of an independent fiduciary and the subsequent administration and termination of the Plan be paid by Defendant Tal Shohamy;

6. Permanently enjoin Defendant Tal Shohamy from acting as a fiduciary to the Plan or any other employee benefit plan covered by ERISA;

7. Award Plaintiff costs of this action; and

8. Provide such other remedial relief as may be appropriate.

                                                  Respectfully submitted,

                                                  M. PATRICIA SMITH
                                                  Solicitor of Labor

                                                  JAMES E. CULP
                                                  Regional Solicitor

                                                  ROBERT A. GOLDBERG
                                                  Counsel for ERISA

ADDRESS:

| | |
|---|---|
| Office of the Solicitor | /s/ Christopher L. Green |
| U.S. Department of Labor | CHRISTOPHER L. GREEN |
| 525 S. Griffin St., Suite 501 | Attorney in Charge |
| Dallas, Texas  75202 | Texas Bar No. 24032372 |
| Telephone:  972/850-3100 | |
| Facsimile: 972/850-3101 | |
| E-mail address: green.christopher.l@dol.gov | Attorneys for Plaintiff |

RSOL No. 09-01230

6