UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| HILDA L. SOLIS, Secretary of Labor,<br>United States Department of Labor,<br><br>　　　　Plaintiff,<br><br>v.<br><br>TAL SHOHAMY and the<br>TLS VETS, P.A. 401(k) PROFIT SHARING<br>PLAN & TRUST,<br><br>　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§　Civil Action No. 10-cv-866<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

CONSENT JUDGMENT & ORDER

This action was brought by Plaintiff, Secretary of Labor, United States Department of Labor, against Defendants Tal Shohamy and the TLS Vets, P.A. 401(k) Profit Sharing Plan & Trust (collectively, "Defendants") pursuant to Sections 502(a)(2) and 502(a)(5), 29 U.S.C. §§ 1132(a)(2) and 1132(a)(5) of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA"). Defendants admit to the jurisdiction of this Court over them and over the subject matter of this action, and have agreed to the entry of judgment without contest.

It is therefore, upon joint motion and for good cause shown,

**ORDERED ADJUDGED AND DECREED** that:

1.　　Defendant Tal Shohamy ("Shohamy"), at all times herein mentioned, was a fiduciary to the Plan within the meaning of ERISA Section 3(21), 29 U.S.C. § 1002(21), in that he had or exercised discretionary authority and responsibility with respect to Plan administration and management and exercised actual control over Plan assets.

2.　　Defendant TLS Vets, P.A. 401(k) Profit Sharing Plan & Trust ("Plan") is, and at all

times hereafter mentioned was, an employee benefit plan within the meaning of ERISA Section 3(3), 29 U.S.C. § 1002(3). The Plan was established by, and at all times hereinafter mentioned was, maintained by an employer engaged in commerce or in an industry or activity affecting commerce and is subject to Title I including Part 4 of ERISA pursuant to ERISA Sections 4(a)(1) and 401(a), 29 U.S.C. §§ 1003(a)(1) and 1101(a).

3. During the period May 2008 through and including October 2008, Defendant Shohamy was a fiduciary with respect to the Plan and violated the provisions of ERISA, in that he:

(a) Failed to discharge his duties with respect to the Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries in violation of Section 404(a)(1)(A) of ERISA, 29 U.S.C. § 1104(a)(1)(A);

(b) Failed to discharge his duties with respect to the Plan with the care, skill, prudence and diligence under the circumstances that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims in violation of Section 404(a)(1)(B) of ERISA, 29 U.S.C. § 1104(a)(1)(B);

(c) Caused the Plan to engage in transactions which he knew or should have known constitute a direct or indirect transfer to, or use by or for the benefit of, a party in interest, assets of such plan in violation of Section 406(a)(1)(D) of ERISA, 29 U.S.C. § 1106(a)(1)(D);

(d) Engaged in transactions involving the Plan on behalf of a party whose interests were adverse to the interests of such Plan and the interests of its participants and beneficiaries in violation of Section 406(b)(2) of ERISA, 29 U.S.C. § 1106(b)(2);

(e) Caused the assets of the Plan to inure to the employer's benefit and failed to hold such assets for the exclusive purpose of providing benefits to participants in the Plan in violation of Section 403(c)(1) of ERISA, 29 U.S.C. § 1103(c)(1).

4. The aforementioned violations occurred in, but were not limited to, the following Plan transactions: failure to remit employee contributions and Plan assets to the Plan; failure to segregate the Plan's assets; and failure to properly administer and manage the Plan.

5. As a result of engaging in breaches of his fiduciary responsibilities, obligations, or duties and by engaging in transactions prohibited by ERISA, Defendant Shohamy has caused the Plan to suffer financial losses for which he is liable pursuant to ERISA Section 409(a), 29 U.S.C. § 1109(a).

6. As of June 30, 2011, principal Plan losses total $6,151.50, plus lost opportunity costs of $813.11. Total Plan losses are $6,964.61.

7. To redress the aforementioned Plan losses, Defendant Shohamy shall make restitution over a six-month period as follows:

(a) On or before August 1, 2011, Defendant Shohamy shall make a payment of no less than $1,160.00 to the Plan Account of Plan Participant Elissa Jackson;

(b) On or before September 1, 2011, Defendant Shohamy shall make a payment of no less than $751.07 to the Plan Account of Plan Participant Elissa Jackson;

(c) On or before September 1, 2011, Defendant Shohamy shall mail the following payments directly to former Plan Participants at their respective home addresses, which shall be provided to Shohamy by Agency counsel:

   i. $173.30 to Erin Boyle;

   ii. $197.68 to Meredith Nelson.

(d) On or before October 1, 2011, Defendant Shohamy shall mail the following payments directly to former Plan Participants at their respective home addresses, which shall be provided to Shohamy by Agency counsel:

        i.        $396.97 to Amanda Bradley;

        ii.        $155.10 to Christina Johnson;

        iii.        $300.00 to Alison Roth;

        iv.        $300.00 to Jose Seppien.

(e) On or before November 1, 2011, Defendant Shohamy shall mail the following payments directly to former Plan Participants at their respective home addresses, which shall be provided to Shohamy by Agency counsel:

        i.        $619.00 to Alison Roth;

        ii.        $558.00 to Jose Seppien.

(f) On or before December 1, 2011, Defendant Shohamy shall mail the following payments directly to former Plan Participants at their respective home addresses, which shall be provided to Shohamy by Agency counsel:

        i.        $619.00 to Alison Roth;

        ii.        $558.00 to Jose Seppien.

(g) On or before January 1, 2012, Defendant Shohamy shall mail the following payments directly to former Plan Participants at their respective home addresses, which shall be provided to Shohamy by Agency counsel:

        i.        $618.48 to Alison Roth;

        ii.        $ 558.01 to Jose Seppien.

8. All payments identified in paragraph 7, subsections (a) through (g) shall be made in the form of a certified or cashier's check.

9. Within fifteen (15) calendar days from each installment payment made pursuant to paragraph 7, subsections (a) through (g), above, Defendant Shohamy shall provide to the Secretary,

via first class mail, proof of such payment in the form of cancelled checks, wire transfer receipts, or other indicia of actual payment to the United States Department of Labor, Employee Benefits Security Administration, Attention: Rebecca Sooter, 525 S. Griffin Street, Suite 900, Dallas, Texas 75202.

10. In the event of default by Defendant Shohamy in the payment of any of the monthly installments specified in paragraph 7, subsections (a) through (g), above, the total balance remaining unpaid shall then become due and payable and interest shall be assessed against such remaining unpaid balance at the rate provided by 28 U.S.C. § 1961 from the date of this judgment until the total amount is paid in full.

11. To redress the fiduciary breaches that occasioned the aforementioned Plan losses, it is further **ORDERED, ADJUDGED, AND DECREED** that:

(a) Defendant Tal Shohamy, his agents, servants, employees and all persons in active concert or participation with him be and hereby are permanently enjoined and restrained from violating Title I of ERISA;

(b) Defendant Tal Shohamy shall complete, on or before January 1, 2012, no less than eight (8) hours of education and training in the duties and responsibilities of fiduciaries to ERISA-covered plans. The education and training materials shall be prepared, provided, or approved by a nationally recognized authority or organization involved in fiduciary training. Proof of completion of such training shall be provided to United States Department of Labor, Employee Benefits Security Administration, Attention: Rebecca Sooter, 525 South Griffin, Suite 900, Dallas, Texas 75202; and

(c) Defendant Tal Shohamy shall undertake all necessary actions once restitution has been made to effect Plan termination and account distributions and/or rollovers.

12. Additionally, it is **ORDERED, ADJUDGED, AND DECREED** that:

(a) Whereas the Secretary, pursuant to ERISA §502(l), 29 U.S.C. §1132(l), is required to assess a mandatory 20% penalty on the amount of Defendants' restitution; and

(b) Whereas the Defendants waive the Secretary's notice of assessment and service requirement of 29 C.F.R. § 2570.83 and agree to pay the sum of $1,392.92 to the U.S. Department of Labor;

(c) Defendant Tal Shohamy shall pay the full Section 502(l) penalty on or before February 1, 2012.

(d) Defendant Tal Shohamy shall send the payment specified above in paragraph 12(c) by sending a certified or cashier's check to the U.S. Department of Labor, ERISA Civil Penalty Collections, P.O. Box 71360, Philadelphia, PA 19176-1360.

13. This Consent Judgment resolves all claims of Plaintiff's Complaint with respect to Defendant Tal Shohamy and the Plan with the following exceptions:

(a) This Judgment does not affect or bind any governmental agency other than the United States Department of Labor; and

(b) This Court retains jurisdiction for purposes of enforcing compliance with the terms of this *Consent Judgment and Order*.

(c) Each party shall bear its own cost and expenses, including attorneys' fees, arising in connection with any stage of the above-referenced proceeding including but not limited to, attorney's fees which may be available under the Equal Access to Justice Act, as amended.

14. No Plan assets will be used to pay the attorneys fees, costs, and other litigation expenses incurred by any of the Defendants in this action.

DATED THIS ____ DAY OF _____, 2011.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE

The parties approve the Consent Judgment and Order as to form and substance:

**For Defendants:**

By:

_Tal Shohamy_
TAL SHOHAMY
Individually, and on behalf of
TLS Vets, P.A. 401(k) Profit Sharing
Plan & Trust

Signed this __4__ day of __July__ 2011

**For Plaintiff:**

M. PATRICA SMITH
Solicitor of Labor

JAMES E. CULP
Regional Solicitor

ROBERT A. GOLDBERG
Counsel for ERISA

By:

_/s/ Christopher L. Green_
CHRISTOPHER L. GREEN
Trial Attorney-in-Charge
TX Bar No. 24032372
Email: green.christopher.l@dol.gov

United States Department of Labor
Office of the Solicitor
525 S. Griffin Street, Suite 501
Dallas, Texas 75202
Telephone: 972/850-3100
Fax: 972/850-3101

Attorneys for Plaintiff

Signed this __11TH__ day of __July__ 2011

7

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on July 12, 2011 a true and correct copy of the foregoing document was served upon all parties of record by first-class U.S. mail addressed to:

Tal Shohamy
24 Cypress Knee Ln.
Austin, TX 78734

    /s/ Christopher L. Green
CHRISTOPHER L. GREEN